IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELECHI N. OTI, | § | |
|     Movant, | § | |
| | § | |
| v. | § | No. 3:18-CV-196-B-BT |
| | § | (No. 3:13-CR-481-B-4) |
| UNITED STATES OF AMERICA | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Elechi N. Oti, a federal prisoner, proceeding *pro se*, has filed a Motion to Have Sentence Reviewed Pursuant to 18 U.S.C. § 3742(a)(1) (2) (3) and (4), *see* Dkt. No. 5. Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Oti's motion was referred to the United States magistrate judge for findings of fact, conclusions of law, and recommendation. Section 3742 confers jurisdiction to a court of appeals, not a district court, to review a defendant's sentence on direct appeal. This Court has no jurisdiction to review Oti's sentence under Section 3742, so it should deny her motion with prejudice.

**I.     BACKGROUND**

A jury found Oti guilty of conspiracy to unlawfully distribute a controlled substance outside the scope of a professional practice. *See United States v. Oti*, No. 3:13-cr-481-B (4) (N.D. Tex.), Dkt. No. 300. The

Court sentenced her to prison for 97 months, with a three-year term of supervised release. *See id.*, Dkt. No. 397. Oti timely filed a direct appeal, challenging her criminal judgment. *See United States v. Oti*, 872 F.3d 678 (5th Cir. 2017). Her conviction and sentence were affirmed on direct appeal, *see id.* at 701, and the Supreme Court denied her petition for a writ of certiorari, *see* ___ S. Ct. ___, 2018 WL 838030 (May 14, 2018).

While her direct appeal was pending, Oti filed in this Court a *pro se* Motion to Have Sentence Reviewed, arguing that the Court should reduce her sentence under Federal Rule of Criminal Procedure 52(b) and Federal Rule of Civil Procedure 60(b). *See United States v. Oti*, No. 3:13-cr-481-B (4) (N.D. Tex.), Dkt. No. 549. The Court concluded that it had no jurisdiction to review Oti's sentence under either rule, and it construed her motion as seeking post-conviction relief under 28 U.S.C. § 2255. *See United States v. Oti*, No. 3:13-cr-481-B (4) (N.D. Tex.), Dkt. No. 555. Accordingly, the Court directed the Clerk of Court to open this Section 2255 proceeding and ordered Oti to either "withdraw her motion or amend the motion using the [Court's standard § 2255 form], so that it contains all claims she wishes to raise" with respect to her criminal judgment. *Id.*

Oti failed to comply with the Court's order. Instead, she filed a Motion to Have Sentence Reviewed Pursuant to 18 U.S.C. [§] 3742(a)(1) (2)

(3) and (4). *See* Dkt. No. 5. Oti invoked the Court's habeas jurisdiction and argued that the Court erred in calculating her sentence under the United States Sentencing Guidelines. *See id.* For the second time, the Court explained to Oti that she raised claims that were cognizable—if at all—in a Section 2255 proceeding and ordered her to either withdraw her request for relief or file a proper Section 2255 motion that included all of her post-conviction claims for relief. *See* Dkt. No. 6.

Oti responded to the Court's order by insisting that she does not seek relief under Section 2255 and, instead, "ask[s] that the [Court] entertain the motion" under Section 3742. *See* Dkt. No. 7.

## II.   LEGAL STANDARDS AND ANALYSIS

Because Oti has made clear that she is not seeking relief under Section 2255, the Court should not construe Oti's motion as a Section 2255 motion. Rather, the Court should consider Oti's motion as one to review her sentence under Section 3742.

The Court should deny Oti's motion for want of jurisdiction. Section 3742 does not provide a jurisdictional basis for a district court to reduce a defendant's sentence. *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Rather, Section 3742 authorizes a Circuit court to modify a sentence "upon direct appeal of a sentence or conviction." *Id.*

Oti has already pursued an unsuccessful direct appeal. The Fifth Circuit Court of Appeals affirmed Oti's conviction and sentence on direct appeal, *see United States v. Oti*, 872 F.3d at 701, and nothing in Section 3742 vests this Court with appellate jurisdiction to review Oti's sentence. *See* § 3742(a) (codifying the procedures for filing a notice of appeal); *see also* 18 U.S.C. § 3742(e) (authorizing the court of appeals to review a sentence imposed by a district court). Thus this Court cannot grant Oti the relief that she seeks.

### III.  RECOMMENDATION

The Court should deny Oti's Motion to Have Sentence Reviewed Pursuant to 18 U.S.C. [§] 3742(a)(1) (2) (3) and (4), Dkt. No. 5, with prejudice and order this proceeding closed.

SIGNED June 22, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).